BEFORE THE THIRD DIVISION, APRIL 24, 1963

No. 67624.—Porthales Valley Mills, Inc. *v.* United States, protests 274716–K, 274717–K, and 274718–K (Galveston).

DONLON, Judge: When called for hearing at Dallas on January 29, 1963, these cases were consolidated and submitted on a stipulation as follows:

MR. ZANES: We offer to stipulate on these three cases. It is hereby stipulated by and between counsel for the parties hereto that the merchandise herein consists of shelled peanuts assessed at a fee of 2 cents per pound under Presidential Proclamation number 3084, T.D. 53755, which proclamation is claimed to be invalid; that the merchandise and issues are similar in all material respects to those involved in *United States* versus *Best Foods Inc.*, 47 C.C.P.A., 163, C.A.D. 751; that the record in *United States* versus *Best Foods Inc.* 47 C.C.P.A., 163, C.A.D. 751, be incorporated herein: that the official papers herein be received in evidence without marking.

MRS. ZIFF: After conferring with the Collector and Appraiser at Dallas, I am in agreement with said stipulation.

MR. ZANES: We rest and submit.

MRS. ZIFF: Rest and submit.

Accepting this stipulation as a statement of facts and on authority of the decision cited therein, we hold that the fee of 2 cents per pound assessed under Presidential Proclamation 3084, T.D. 53755, on merchandise described as peanuts with or without other words of description, as shown on the invoices covered by the entries in these protests, was invalid.

It appears from the entry documents that these peanuts were entered or withdrawn from warehouse for consumption on April 1, 1955, and May 4, 1955, which is during the period when the Treasury Department liquidated under the purported authority of proclamation 3084, *supra*.

To this extent, the protests are sustained. In all other respects and as to all other merchandise, the protests are overruled.

Judgment will be entered accordingly.

No. 67625.—Louis Goebel *v.* United States, protest 60/21472 (New York).

Opinion by DONLON, J. In accordance with stipulation of counsel that the importations consist of wild giraffes similar in all material respects to those the subject of *Louis Goebel* and *F. L. Kraemer & Co.* v. *United States* (46 Cust. Ct. 273, C.D. 2269), the claim of the plaintiff was sustained.